UNITED STATES of America,
Appellant,

v.

The WAGNER QUARRIES COMPANY,
Appellee.

No. 13446.

United States Court of Appeals
Sixth Circuit.

Nov. 14, 1958.

Marvin W. Weinstein, Dept. of Justice, Washington, D. C., Charles K. Rice, Lee A. Jackson, Harry Baum, Sheldon I. Fink, U. S. Dept. of Justice, Washington, D. C., Sumner Canary, U. S. Atty., Cleveland, Ohio, on brief, for appellant.

Ross W. Shumaker, Toledo, Ohio, Carl V. Bruggeman, John J. Kendrick, Toledo, Ohio, of counsel, Shumaker, Loop & Kendrick, Toledo, Ohio, on brief, for appellee.

Before SIMONS and MARTIN, Circuit Judges, and JONES, District Judge.

PER CURIAM.

By stipulations of the parties earlier in the proceedings and concessions later made in the petitioner's brief, the single question presented here is whether the taxpayer shall be allowed a ten percent or a fifteen percent depletion allowance on its product in its Federal tax return

for the calendar year 1951. The Commissioner now asserts that a ten percent depletion only should be allowed. The taxpayer has claimed, and still does, that it is entitled to a fifteen percent depletion allowance. The District Judge upheld the taxpayer's contention by memorandum opinion and by findings and conclusions based thereon.

It appears that under the applicable statute, Title 26 U.S.C. (1952 Ed.) §§ 23(m) and 114(b) (4) (A) (iii), the Congress has catalogued or classified mineral deposits by expressive terms, giving to each of the respective types of products a fixed depletion, fifteen percent, ten percent, and five percent. The only serious fault now complained of by the petitioner is that the District Judge erred as a matter of law in failing to apply congressional meaning or grading to the quality of taxpayer's limestone, contending that the District Court upgraded the product above its real quality. The test is not what various purposes the limestone might be used for,—this is conceded, but rather whether it can be found to qualify for chemical or metallurgical purposes.

If the District Court's finding that the taxpayer's limestone was of chemical or metallurgical grade within the meaning of the statute, was supported by substantial evidence, the question, as it seems to us, is one of fact. Some witnesses appeared orally and some testified by deposition. In the interest of considering whether the court below misapplied the congressional classification to the taxpayer's limestone, or that the court clearly and erroneously misapplied the quality test, we have examined the pertinent evidence upon that subject.

Based upon a fair appraisal of the testimony of the experts, a reasonable interpretation of congressional intent in using the words "metallurgical grade limestone, chemical grade limestone," would mean a limestone of high carbonate content with a very low silica or impurities percentage, capable of use for metallurgical or chemical purposes. The trial judge found substantially that this would be the common sense meaning of the terms as used and intended by Congress.

From an examination of the record and the careful review of the evidence and considerations involved in determining the character, quality and grade of the taxpayer's limestone we conclude that the trial judge did not erroneously misapply the congressional meaning in respect of the grade and quality of the taxpayer's product and extending the fifteen percent depletion allowance provided for chemical or metallurgical grade limestone. Thus, we conclude that the issues became and were factual not to be disturbed by us unless clearly erroneous.

We think the well reasoned opinion of the trial court, and his complete findings and conclusions adequately support the taxpayer's position and we are of opinion that the judgment below should be, and it is affirmed.