**UNITED STATES of America,
Appellant and Cross-
Appellee,**

**v.**

**PACIFIC CLAY PRODUCTS, a corporation, Appellee and Cross-Appellant.**

**No. 16404.**

United States Court of Appeals
Ninth Circuit.

Nov. 29, 1960.

John B. Milliken and Harrison Harkins, of Parker, Milliken & Kohlmeier, Los Angeles, Cal., for appellant Pacific Clay.

Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, James P. Turner, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and BOLDT, District Judge.

BOLDT, District Judge.

Appeal and cross-appeal in this case are from a district court judgment awarding refund of a portion of the income taxes assessed against and paid by appellee for the years 1951 and 1952. Jurisdiction in the district court is provided by 28 U.S.C. § 1346 and in this court by 28 U.S.C. § 1291.

On the government's appeal the question presented is whether, for the purpose of determining taxpayer's allowance for mineral depletion under sections 23 (m) and 114(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. §§ 23(m), 114 (b), the first commercially marketable products of appellee in the tax years in question were various clays in crude form, or were, as the district court held, partially or wholly finished products manufactured from the clays by taxpayer.

By cross-appeal appellee challenges the standard applied by the district court in determining the qualification of the six varieties of clay mined by taxpayer as "refractory and fire clay" under section 114(b) (4) (A) I.R.C.1939. The cited section specifies depletion allowances in the following percentages of gross income, as defined, from minerals: 15 per centum for "refractory and fire clay;" 5 per centum for "brick and tile clay."

Answer to the first question must be determined by application to pertinent evidence of the principles stated in United States v. Cannelton Sewer Pipe Co., 364 U.S. 76, 80 S.Ct. 1581, 4 L.Ed.2d 1581. The teachings of that recently announced decision were not available to the trial court when it held that finished products were appellee's first commercially marketable product in the tax years in question. Some evidence of crude clay sales in those years is in the record but the district court, because of its views of the statute, made neither findings of fact nor conclusions of law pertaining thereto. It is not clear whether either of the parties made, or was required or permitted to make, a full showing on the issue of "first commercially marketable product" under principles later stated in Cannelton. The opinion in that case makes it plain that profitability of a particular mining operation to a particular taxpayer is not a factor to be considered in the determination of the issue referred to.

However, it is clear from that decision that several other factors enter into a consideration of the issue. Such factors must be more fully explored.

In these circumstances the judgment from which the government appeals is reversed and the cause is remanded to the district court for reconsideration and re-determination of the issue referred to, for the purpose of taking of new or additional evidence thereon if deemed required by the district court, and the making of other findings of fact and conclusions of law, and the entry of a judgment based thereon, all consistent with the teachings of Cannelton.

■ The district court applied a selected pyrometric cone equivalent (PCE 19) as a minimum standard for "refractory and fire clay" qualification, without specifically determining such qualification under the fire clay definition published by the American Society for Testing Materials (ASTM).[1] Under the evidence it is clear that the ASTM definition is generally accepted and used in the industry for fixing the status of clays within the commercial meaning of the quoted term. The parties agree, and it is clear, that the classification and nomenclature of clays used in the statute were intended by Congress to have and to be applied in their commonly understood commercial meaning.[2] While clay classification solely by PCE rating may have practical advantages in avoiding difficulties in application of the ASTM definition, considerations of convenience alone will not justify substituting different standards than those fixed by Congress. For depletion allowance purposes clays should be classified by the ASTM definition and not merely by PCE rating.

On the cross-appeal the judgment is reversed for such further proceedings as may be required to permit the district court to determine whether each of the clays in question qualifies as "refractory and fire clay" within the commercial meaning of that term as stated in the ASTM definition.

---

1. "An earthy or stony mineral aggregate which has as the essential constituent hydrous silicates of aluminum, with or without free silica, plastic when sufficiently pulverized and wetted, rigid when subsequently dried, and of suitable refractoriness for use in commercial refractory products."

2. S.Rep. No. 781, 82d Cong., 1st Sess., p. 38 (1951–2 Cum.Bull. 458 at pages 484–485) ; H. Conference Rep. No. 1213, 82d Cong., 1st Sess., p. 75 (1951–2 Cum. Bull. 622, 629–630) ; United States v. Wagner Quarries Co., 6 Cir., 260 F.2d 907 ; Virginian Limestone Corp. v. Commissioner, 26 T.C. 553.