The **NATIONAL LIME AND STONE CO., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 8117.

United States District Court
N. D. Ohio, W. D.

July 17, 1968.

Shumaker, Loop & Kendrick, Toledo, Ohio, for plaintiff.

Harland M. Britz, Toledo, Ohio, and Thomas F. Field, Dept. of Justice, Washington, D. C., for defendant.

OPINION

DON J. YOUNG, District Judge.

This action, which has been in this Court for many years, is now again before the Court after the judgment entered on March 4, 1966, was reversed by the Court of Appeals, 6 Cir., 384 F.2d 381, and the cause remanded for further proceedings in accordance with its opinion.

It is the contention of the plaintiff that these proceedings should consist of multiplying the figures which were used as the basis of the order appealed from by the higher depletion rate allowed by the Court of Appeals, and rendering a judgment in its favor for the amount thus arrived at.

The defendant contends that the proceedings should consist of a trial to determine first what sums are properly subject to the rate of depletion, and then applying the higher rate of depletion to these sums. It bases this contention on two facts: first, that while the appeal was pending, this Court, in a related case, held that the representative field or market price for stone of the type mined by the plaintiff is about twenty-five percent below the prices used by the plaintiff in determining its income from mining subject to depletion; and second, that defendant had not raised this defense of over-pricing before the appeal, because at the lower rate of depletion appealed from, the price made no difference in the plaintiff's right to recover, and that the question was thus moot at that time, but defendant is not now precluded from raising the issue, since the basic question is still whether plaintiff overpaid its tax.

Without stating in detail the facts which give rise to this controversy, this Court concludes that the contentions of the defendant must fail.

The problem is the effect of the appeal. The plaintiff appealed on one point alone, whether the correct rate of depletion to be applied to its income from mining is the ten percent allowed by the trial court, or fifteen percent. The defendant did not appeal from anything. Nevertheless, the issue which it now seeks to have reheard had been decided against it. It could have foreseen the result of plaintiff's prevailing on appeal, and protected itself by a cross-appeal on this issue, but chose not to do so. It is too late to raise the issue now.

The defendant's argument that an appeal takes the whole case to the appellate court, and a reversal on one point is a reversal of the whole case, is not a valid one.

The vice of defendant's argument appears on page seven of its reply memorandum where it says:

"In other words, since taxpayer's claim for refund relating to Carey Number I would have been denied were it to be restricted to a 10 percent rate of depletion even though it used its own figures for gross income from mining, the Government had no choice but to agree to an entry of judgment for plaintiff on that basis if it wanted that issue determined on its motion for summary judgment."

Thus, the defendant made a deliberate choice of alternatives. It could have tried the whole case on its merits, as was done with the related cases upon which it now relies for a judgment in its favor, or it could take the method of conceding all the other disputes to get a summary judgment on the one point. Having taken what appeared at the time to be the easy way out, the defendant is bound by the ultimate consequences of its decision, and cannot avoid it when it becomes harsh.

The only question to be determined in this case is the calculation of the plaintiff's tax liability by applying a fifteen percent depletion rate to the figures for its income from mining which were used as the basis of the summary judgment appealed from.

Counsel for the plaintiff may prepare and submit an order accordingly. If defendant does not agree with the form of entry submitted by the plaintiff, it may submit a form of entry within ten days after service of a copy of plaintiff's entry, and the Court will then fix an entry.